UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 3:07-MJ-1009 |
| V. | ) | (SHIRLEY) |
| | ) | |
| | ) | |
| KENNETH STENZEL | ) | |

## **ORDER OF TRANSFER**

An initial appearance was held in this case on a Warrant for Arrest out of the Middle District of Florida, Fort Myers Division, on January 19, 2007. Cynthia Davidson, Assistant United States Attorney, was present representing the government, and the defendant was present and Jonathan Moffatt, Assistant Federal Defender, who was appointed by the Court to represent the defendant.

The standards and procedures for handling the arrest and initial appearance of a person, pursuant to a civil contempt arrest warrant, but in a district other than the district where the offense was allegedly committed (and from where the arrest warrant issued), do not appear to be defined by the federal rules or statutes.

However, the pleadings filed in this case indicate that the United States District Court for the Middle District of Florida per District Judge Virginia M. Hernandez Covington, had ordered the defendant Stenzel, in the case of United States v. Stenzel, 2:05-CV-148-F&M-335PC to produce documents requested by the United States in its post judgment discovery requests and that the defendant had not done so. The Court, per Judge Covington, then deemed the defendant to be in civil contempt and ordered the defendant to be apprehended and arrested and brought back to the United States District Court of Middle District of Florida "to demonstrate whether he has complied

with the Courts Order requiring that he produce the documents requested by the United States in its post judgment discovery requests." [Doc. 34].

This Court inquired as to whether defendant had produced such documents, and/or complied with the Court's Order to produce them and/or was in a position to produce them today. Defendant clearly indicated in the negative to all these inquiries but blamed his failure on a lack of notice due to his moving to Tennessee. However, it appears to the Court and the defendant admits, to not producing the records at issue or complying with the Orders of Judge Covington to do so, and thus, he has not purged himself of the contempt. Therefore, any arguments regarding his claims of lack of notice or any other defense or mitigation, and the burden of going forward with such arguments, rests with the defendant and most appropriately in a hearing before the Court that found him in civil contempt, i.e. the United States District Court for the Middle District of Florida. That Court and not this Court, is in the best position to hear evidence and determine matters regarding notice, the sufficiency of any compliance with the Court's Orders, the nature and extent of the alleged contemptuous conduct and the nature and extent, if any, of the appropriate punishment all within the context of the case before it and its procedural history.

Therefore, it is ORDERED that the defendant, Kenneth Stenzel, be transferred from the Eastern District of Tennessee to the Middle District of Florida at Fort Myers, Florida, by the United States Marshal Service as expeditiously as possible and with contact between defendant and any prisoners serving sentences or awaiting sentencing being held to the most minimal contact reasonable.

The defendant is committed to the custody of the Attorney General for transfer and during such transfer to confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS SO ORDERED**.

ENTER:

　　s/ C. Clifford Shirley, Jr.　　
United States Magistrate Judge